Ordiorne *v.* Woodman.

## ORDIORNE *v.* WOODMAN.

In an action by an indorsee against the maker of a negotiable note, if it appears that the note was indorsed after it was discredited, the maker may set off a claim against the indorser, unless it is shown by the holder that he took the note *bonâ fide*, and for a valuable consideration.

As no action can be brought by one partner against his copartner, upon any partnership transaction, unless there has been a settlement of the whole concern, or of the claim in question, and a promise of payment, the unsettled dealings of either partner with the firm cannot be set off, in an action at law, by one partner against the other.

ASSUMPSIT, on a promissory note, dated January 19, 1850, for $590, and interest, signed by the defendant, payable to Joseph T. Martin, or order, on demand, and by him indorsed to the plaintiff.

The defendant pleaded the general issue with a notice of set-off, as follows: " And the plaintiff will take notice, that on the trial of the above action the defendant will offer in evidence, and insist on being allowed in set-off to the plaintiff's said demand, his account against Joseph T. Martin, herewith exhibited, amounting to $4,302.75 ; and

the defendant will contend that at the time the note in the plaintiff's declaration described was indorsed to him by said Martin, it was overdue and discredited, and that the plaintiff took said note subject to any equitable demands or claims the defendant at that time had against said Martin. The defendant will further contend that said Ordiorne is the nominal plaintiff only in this suit, and that the said Martin is the plaintiff in interest."

At the November term, 1856, the case was referred to J. G. Hall, Jr., as auditor. From his report, made November term, 1857, it appears that there was due, November 17, 1857, on the note declared on, $676.80, and that it was overdue when indorsed. The auditor finds that, on the individual accounts between Martin and Woodman, a balance of $29.63 is due to Martin. Martin and Woodman had been partners in trade, and Woodman claimed that the firm of Martin & Woodman were indebted to him, and that one half the balance due from the firm was the debt of Martin to him, and liable to be set off in this action. The auditor finds the balance due Woodman to be $635.22, one half of which is $317.61. Woodman also claims that Martin is indebted to Martin & Woodman upon the balance of accounts between the firm and him, and that half this balance is due from Martin to him, and should be allowed him in set-off. The auditor finds the balance due from Martin to Martin & Woodman to be $275.20, one half of which is $137.60. He finds the balance due from Martin to Woodman, as thus claimed, including interest, to be $473.03.

It appeared that in January, 1850, Martin borrowed of the plaintiff $650, and gave his note for that sum, and on the 19th he paid this money to Woodman, and Woodman gave him the note in suit, and applied the money to pay his own debts. Martin and Woodman became partners in April, 1850. There was no agreement as to the amount of stock to be paid in by either, nor as to the division of

Ordiorne v. Woodman.

the profits. Woodman at first put in a bill of goods amounting to about $800, on which there was to be a discount of twenty per cent. Martin put in $300, and the amount he put in, including Woodman's note, was not far from the amount Woodman put in. After the partnership, Martin took up his note to Ordiorne, and gave a firm note for it. The note in suit was held by Ordiorne as security before it was indorsed. The note was thus indorsed by Martin two days before the suit was brought in January, 1856.

The defendant claimed that, by the giving the firm note of $650 to the plaintiff, it became a partnership matter, and, by the indorsement of the $590 note on the note of $650, it became canceled and paid; that the firm is liable on the $650 note, and not either Woodman or Martin as separate individuals.

*Jordan*, for the plaintiff.

*L. D. Sawyer*, for the defendant.

BELL, C. J. The first question arising in the case relates to the set-off.

The general principle of the mercantile law is, that the holder or indorsee of a negotiable note, who acquires it by virtue of a transfer or indorsement made after it is overdue, and consequently discredited, takes it subject to every defence and to every equity to which it would be subject if it had remained in the hands of the payee. Ch. Bills 216, 222; Bayley Bills 118; *Hall* v. *Boardman*, 14 N. H. 41; *Odiorne* v. *Howard*, 10 N. H. 346.

Under this general rule it has been contended that the assignee or indorsee of a discredited note, takes it subject to any set-off to which it would be liable, in the hands of the assignor or indorser, at the time of the assignment. But this application of the rule has not been universally

admitted. It has been contended that at common law a set-off is neither a defence nor an equity, but that it is rather of the nature of a cross action, and that it is available only in the cases where it is expressly authorized by statute, which speaks of mutual debts and demands only; that is, counter-claims existing between the parties to the action.

We do not propose to discuss either of these positions, merely remarking that, in the ordinary use of language, any thing which protects a man against an unjust claim is a defence, and that the benefits of a set-off have not been restricted to the cases of claims of a strictly mutual character.

In this State it has been decided that in a suit upon a negotiable promissory note, in the name of the indorsee, to whom it has been transferred *bonâ fide* and for a valuable consideration, a demand in favor of the maker against the indorser is not admissible as a set-off, although the note may have been a discredited note when the indorsee took it. *Chandler* v. *Drew*, 6 N. H. 469.

This decision was pronounced contrary to the first impression of the court, as stated in the case (page 472), and against a contrary opinion in *Woods* v. *Carlisle* (page 28 of the same volume), where the same judge says: "We are inclined to think when a man takes a discredited note, and sues in his own name, when the defendant has a set-off against the indorser, that the indorser must be considered the plaintiff, within the meaning of the statute. The indorsee stands in the place of the indorser. In both these cases authorities are cited favoring these views.

In the case of *McDuffie* v. *Dame*, 11 N. H. 244, the case of *Chandler* v. *Drew* is spoken of as being opposed to the prevailing doctrine as to set-off in other States; but the court were not disposed to doubt the propriety of that decision. It was said, however, it should not be extended beyond the precise limitations of the case. There the

note had been indorsed *bonâ fide* and on a good considera-tion, and this was regarded as an essential point in the decision.

An indorsed discredited note, it was said, should be lia-ble to set-off, unless there has been an actual transfer of the interest in the note. A transfer which is merely nom-inal, should be regarded in the light of a fraud on the payee where there is a set-off and a transfer is made to avoid it; and it has been held that in an action by the in-dorsee against the maker, if the defendant files a set-off against the note, and introduces evidence that the note was not indorsed until discredited, he will be admitted to sustain his set-off, unless the plaintiff shows that he took the note *bonâ fide,* for a valuable consideration.

The last branch of this decision is in accordance with the case of *Eaton* v. *Brown,* cited in *Ross* v. *Knight,* 4 N. H. 237; *Woods* v. *Carlisle,* 6 N. H. 28, where the same case is cited; and *Bellows* v. *Smith,* 9 N. H. 285. *Chandler* v. *Drew* is approved in *Jenness* v. *Bean,* 10 N. H. 267, and *Williams* v. *Little,* 11 N. H. 72.

The decision in *McDuffie* v. *Dame* has stood undisturbed till the present time, and may be regarded as the law of the State. It being clear that the note was overdue when indorsed, and both the good faith and the consideration of the transfer being left in doubt, the note was liable to any set-off which the defendant could establish against the indorser.

Nothing being found by the auditor upon the private dealings of the parties from the plaintiff to the defendant, the only question remaining relates to the set-off founded upon the dealings of the indorser Martin and the defend-ant Woodman, with the firm of which they were members.

The evidence tends to show that the note in question was given for money loaned to the defendant some months before the partnership commenced, and that it originally was entirely unconnected with the partnership. Its con-

nection, if any, with the business of the firm, is left in uncertainty.

It is well settled that the demand proposed to be set off must constitute a debt or claim for which an action *ex contractu* might be maintained by the defendant against the plaintiff. The debt must be due when the action is commenced, and at the time of the trial. 2 Leigh N. P. 154; 2 Saund. Pl. & Ev. 790; Esp. N. P. 238; *Varney* v. *Brewster,* 14 N. H. 49; *Toppan* v. *Jenness,* 21 N. H. 232; *Hardy* v. *Corliss,* 21 N. H. 356.

The question, therefore, is, whether the claim attempted to be set off here is such that the defendant could maintain an action of contract upon it.

It is well settled here as well as elsewhere, that during the continuance of a partnership, and while its concerns are unadjusted, there is at common law no implied promise by one partner to pay any thing to the other on a partnership transaction, and no action lies by either in such case, unless the transaction upon which the right of action is based has been settled between the parties, and a promise of payment made. *Gibson* v. *Moore,* 6 N. H. 547, and authorities; *Wright* v. *Cobleigh,* 21 N. H. 342; *Harris* v. *Harris, ante* 45.

This case strongly illustrates the wisdom and policy of these rules. The attempt here is to set off the share or proportion of the defendant in the balance of two accounts, the one in favor of the defendant against the firm, of which it is assumed that the plaintiff is bound to pay one half to the defendant; the other in favor of the firm against the plaintiff, of which it is assumed the plaintiff owes half to the defendant. But the assumption is not well founded in either case. These claims constitute only a part of the partnership dealings. The balance due from one of these partners to the other can only be ascertained by a settlement of the whole accounts of the firm, including their assets on hand, and their debts payable and re-

ceivable to and from all with whom they have had dealings. It may be that the accounts considered by the auditor include all these, but it is not probable, and is not so stated. If not, it by no means follows that the balances found are due to the defendant, since they may be balanced by other claims connected with the partnership.

However this may be, the claims offered in set-off were clearly inadmissible, because they do not constitute a debt upon which an action at law may be maintained.

The set-off being disallowed, there must be judgment for the plaintiff on the note.

*Judgment for the plaintiff.*